UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-401-DLB

ABRAHAM MOORE                                                                           PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Abraham Moore filed applications for supplemental security income (SSI) and disability insurance benefits (DIB) on October 22, 1999.[1] His applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 27, 2000. The ALJ issued an unfavorable decision on May 24, 2001, and the Appeals Council denied Plaintiff's request for review by letter dated May 29, 2002.[2]

On July 12, 2001, Plaintiff filed a second set of applications for supplemental security income (SSI) and disability insurance benefits (DIB). Again, his claims were denied initially

---

[1] ALJ Arthur's written decision reveals that Plaintiff previously filed an application for disability benefits. That claim was denied at the initial level and no further action was taken. (Tr. 241).

[2] There is no indication that Plaintiff sought judicial review of ALJ Arthur's denial decision.

1

and on reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on December 11, 2002.  ALJ Chwalibog issued an unfavorable decision on April 17, 2003, and the Appeals Council declined review on October 27, 2004.  The ALJ's decision, therefore, stands as the final decision of the Commissioner.

Plaintiff, who was 51 years old at the time of the second hearing, completed a fifth grade education and currently alleges an inability to work beginning on May 25, 2001 due to the following conditions: back, leg, hip, neck, arm, and knee pain; loss of grip strength; numbness in his leg; arthritis; ringing in his ears; breathing problems; asthma; heart problems; chest pain; poor circulation in his legs; nerve problems; anxiety; depression; illiteracy; poor hearing; headaches; chronic fatigue; stomach ulcers; and hiatal hernias.  At the hearing before ALJ Chwalibog, Plaintiff also indicated that he is unable to read or write; has lung problems, a bad disc in his back, and nerve damage in his arm; his breathing problems are aggravated by certain environmental factors (i.e., dust, smoke, and heat), and he uses an inhaler two or three times per day; he has pain in his lower back that radiates down into his left leg; he takes prescription medication (Darvocet) and applies heat to his back for relief; he experiences numbness in his arm and headaches on a daily basis (usually in the morning); he has been diagnosed with sleep apnea; and had surgery on his left knee in the spring of 2002.  (Tr. 199).

Plaintiff filed the instant action on November 12, 2004.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

A.    **Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards.  *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**The ALJ's Determination**[3]

**1. First Claim**

At Step 1, ALJ Arthur found that Plaintiff had not engaged in substantial gainful activity since June 6, 1997, his alleged onset date. (Tr. 15). At Steps 2 and 3, the ALJ found that Plaintiff's diabetes and affective disorder constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (*Id*.). At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of medium work. Specifically, the ALJ found that Plaintiff retains the ability to:

> lift and carry no more than 50 pounds occasionally and 25 pounds frequently; with no climbing ladders, ropes and scaffolds or doing work that would expose him to hazardous heights and moving machinery or extreme temperature changes. He has borderline intellectual functional capacity with very limited capacity for reading and writing due to his 5th grade education ... and requires low stress routine work. He can frequently climb stairs and ramps and balance and stoop but only occasional[ly] kneel and crouch and no crawl[ing]. He also experiences slight to more than moderate pain[4] ... with moderate ... limitations as to maintaining attention and concentration for prolonged periods, and as to persistence and pace, and the ability to perform activities within a schedule, maintain regular attendance and being [sic] punctual within customary tolerances; with no concentrated exposure to dusts, fumes, chemicals and poor ventilation or excessive humidity or wetness.

(Tr. 18).

Based upon that assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work as an utility equipment operator. (Tr. 18). However, at Step 5, the ALJ

---

[3]Because Plaintiff's allegation on appeal implicates the findings of the ALJ in the prior proceedings, those findings will be summarized herein.

[4]"Moderate" is defined as the level of severity which would preclude the attention and concentration required for high stress production oriented work and complex work but which is not of a level of severity to preclude the attention and concentration for less stressful work of an unskilled nature involving the performance of simpler work instructions. (Tr. 18).

4

found that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the regional and national economies. (Tr. 20). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

### 2. Second Claim

At Step 1, ALJ Chwalibog found that Plaintiff had not engaged in substantial gainful activity since May 25, 2001, his alleged onset date. (Tr. 196). At Steps 2 and 3, the ALJ deferred to ALJ Arthur's finding that Plaintiff's diabetes mellitus and affective/depressive disorder constitute severe impairments. (*Id*.). He also found that Plaintiff suffers from severe degenerative disc disease of the cervical and lumbar spine, chronic obstructive pulmonary disease, and obesity, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 196-98). At Step 4, the ALJ adopted the previously adjudicated physical RFC. (Tr. 200). He did, however, make additional, specific findings based upon the opinions of two state agency psychologists. Accordingly, the ALJ found that Plaintiff retained the ability to:

> lift or carry fifty pounds occasionally and twenty-five pounds frequently. He can never crawl or climb ladders, ropes, or scaffolds. He can occasionally kneel and crouch. He should avoid all exposure to hazardous heights, moving machinery, and temperature extremes; and concentrated exposure to dusts, fumes, chemicals, poor ventilation, and excessive humidity and wetness. The claimant is moderately imited in his ability to understand, remember, and carry out detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and interact appropriately with the general public; but he is able to recall simple tasks without excessive productivity demands.

(Tr. 200).

Based upon that assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work as an utility equipment operator, but is nevertheless "not disabled" within

the meaning of the Social Security Act.

**C.     Analysis**

In this appeal, Plaintiff's sole contention of error is that "the ALJ's decision does not comply with *Drummond*." *See Drummond v. Comm'r of Social Security*, 126 F.3d 837 (6th Cir. 1997). Specifically, Plaintiff alleges that ALJ Chwalibog erred by not adopting ALJ Arthur's RFC determination in its entirety. In support, he notes the omission of any limitation related to his ability to maintain persistence or pace in the hypothetical question posed by the ALJ to the VE. In response, the Commissioner argues that *Drummond* does not require a subsequent ALJ to recite verbatim a prior ALJ's findings. Characterizing Plaintiff's argument as a matter of semantics, rather than substance, the Commissioner asserts that the ALJ's reliance on the most recent psychological assessments was permissible.

Much like Plaintiff, the claimant in *Drummond* filed multiple applications for disability insurance benefits. With respect to her first claim, the ALJ found that she was unable to perform her past relevant work, but retained the RFC to perform sedentary work. *Id*. at 838. With respect to her second claim, however, the ALJ found that Drummond retained an RFC suitable for medium level work, and could return to her previous employment as a textile machine operator. *Id*. at 839. As a result, the ALJ concluded that Drummond was not disabled and denied her claim for benefits. *Id*. That decision was affirmed by the district court, and Drummond appealed.

On appeal, Drummond argued that the first ALJ's determination that she was limited to sedentary work should have been followed by the second ALJ based on the principles of res judicata. *Id*. She maintained that, absent evidence of an improvement in her condition since the first hearing, the second ALJ was bound by the previously adjudicated RFC.

*Drummond*, 126 F.3d at 839.[5] Upon review, the Sixth Circuit addressed the preclusive effect of an initial ALJ determination on a subsequent assessment made by the Commissioner. *Id*. at 840.

Concluding that the principles of res judicata apply to administrative proceedings, the court stated that, "absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond*, 126 F.3d at 842. It went on to note that "it is apparent that substantial evidence was not introduced that Drummond's condition improved significantly between the two hearing dates." *Id*. at 843. Relying instead on evidence that Drummond's condition had actually worsened in the interim, the court concluded that the second ALJ was bound by the determination that she retained the RFC for sedentary work, and remanded the case for an award of benefits. *Id*.

Plaintiff relies on *Drummond* for the proposition that a subsequent ALJ must adopt a prior ALJ's function-by-function assessment of a claimant's ability to do work-related activities. The Court does not read *Drummond* so narrowly. The dispositive fact in *Drummond* was that the second ALJ expressed the claimant's RFC in terms of an exertional category ("medium") that was more permissive than the previous determination ("sedentary"). In the case at bar, ALJ Arthur (who presided over the first hearing) concluded that Plaintiff retained the RFC to perform a significant range of medium work. ALJ Chwalibog (who presided over the second hearing) reached an identical result, despite failing to impose any restriction on Plaintiff's ability to maintain persistence or pace. Plaintiff's reliance on *Drummond* is, therefore,

---

[5]The court of appeals reversed the judgment of the district court and remanded with instructions to remand to the Commissioner for further consideration. *Drummond*, 126 F.3d at 839. The Appeals Council determined that res judicata did not apply to the Commissioner. *Id*. Drummond filed suit for a second time in the District Court for the Eastern District of Kentucky. *Id*. at 840. The district court affirmed the decision of the Administration, and Drummond appealed.

misplaced. *See Lyons v. Social Security Administration*, No. 00-5361, 2001 WL 1110110 at *302 (6th Cir. Sept. 13, 2001). The Court concludes that Plaintiff's sole error alleged is without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 30th day of August, 2005.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-401-MooreMOO.wpd